## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THE HUNTINGTON NATIONAL BANK, as Administrative Agent, Collateral Agent, Lender and Issuer**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**FOURTH STREET BARBECUE INC.**<br><br>**Defendant** | **Civil Action No: 2:25-cv-01537**<br><br>**Magistrate Judge Patricia L. Dodge** |

### ORDER MODIFYING ORDER APPOINTING RECEIVER

AND NOW, this 3rd day of November, 2025, upon consideration of the Expedited Motion of the Receiver for an Order Modifying the Order Appointing Receiver to (I) Stay Creditors from Prosecution of Claims; and (II) Clarify the Notice Required to Creditors Regarding Distributions of Proceeds of the Receivership (the "Motion");[1] and the Court being satisfied that: (i) the Court has subject matter jurisdiction over this action and personal jurisdiction over the Defendant, and venue properly lies in this district; (ii) the relief is necessary, appropriate, and in the best interest of the Receiver, the estate and its creditors; and (iii) good and sufficient cause appearing therefore; it is hereby:

**ORDERED**, that the Motion is granted;

**ORDERED**, that the Court retains jurisdiction to modify the terms of this Order and to further expand or contract the rights, duties and obligations of the Receiver;

**ORDERED**, that the Receivership Order remains in full force and effect and is modified

---

[1] All capitalized terms not otherwise defined herein have the meaning given to them in the Motion.

only as explicitly provided as follows:

A.    **STIPULATED FACTUAL FINDINGS AND LEGAL CONCLUSIONS**

1.      On or about September 2, 2022, the Plaintiff, as administrative agent, collateral agent, lender and issuer, certain other lenders (together with Plaintiff in its capacity as a lender, the "Lenders") and Defendant entered into a Credit and Security Agreement (as amended, the "Credit Agreement") and other Loan Documents.[2]  Pursuant to the Credit Agreement, the Lenders have extended certain Revolving Loans not to exceed a maximum principal amount of $85,000,000, Capital Expenditure Term Loans with a current outstanding principal balance of $2,847,222.36, Term Loans with a current outstanding principal balance of $1,326,779.83 and other financial accommodations to the Defendant.

2.      As security for the Obligations, Defendant granted Plaintiff, for the benefit of the Lenders, a first priority lien and security interest in the Collateral subject to Permitted Encumbrances.

3.      Defendant operates facilities to manufacture and package frozen prepared food for large grocers and consumer brands, both regional and national.

4.      By letter dated December 13, 2024, Plaintiff notified the Defendant that certain Events of Default have occurred under the Loan Documents.

5.      In addition, Defendant notified the Plaintiff that certain accounting irregularities may have taken place resulting in an overstatement of accounts receivable which serve as Collateral for the Obligations.

6.      Thereafter, Defendant appointed Michael Von Lehman, President of Meridian Management Partners, LLC to be its chief restructuring officer.

---

[2]      Capitalized terms not otherwise defined herein shall have the meanings set forth in the Credit Agreement.

7.      In or about December, 2024, the Plaintiff, the Lenders and the Defendant entered into a Forbearance Agreement and Modification to Credit and Security Agreement (the "Initial Forbearance"), as thereafter amended by that certain (a) First Amendment to Forbearance Agreement and Modification of Credit and Security Agreement dated April 21, 2025 (the "First Amendment") and (b) Second Amendment to Forbearance Agreement and Modification of Credit and Security Agreement dated August 5, 2025 (the "Second Amendment", together with the Initial Forbearance and the First Amendment, the "Forbearance Agreement").

8.      The Defendant acknowledged in the Forbearance Agreement that Events of Default have occurred.

9.      As part of the Forbearance Agreement, the Plaintiff and the Lenders agreed to a limited forbearance of the Plaintiff's and Lenders' right to pursue remedies against the Defendant and Collateral.

10.      As part of the Forbearance Agreement, the Defendant agreed to the appointment of a receiver over the Defendant and/or assets of the Defendant upon, *inter alia*, expiration of the forbearance period set forth therein (the "Forbearance Period") as set forth in the Forbearance Agreement.

11.      In furtherance of the Defendant's agreement to the appointment of a receiver upon expiration of the Forbearance Period, the Defendant executed and delivered a Consent Order Appointing Receiver (the "Proposed Consent Order") and: (a) authorized the Plaintiff to fill in, write in, complete, change or modify any information in the Proposed Consent Order including, but not limited to, dating the document, the addition, modification or conformance of the caption, docket number or case number, the identification of the receiver and the preparation and completion of a schedule of compensation for the receiver; (b) authorized the Plaintiff to file the Proposed Consent

Order with the Court; and (c) consented to the entry of the Proposed Consent Order by the Court. Defendant agrees that the Forbearance Agreement provides that Defendant's consent is not required for any amendment, modification, or restatement of the Proposed Consent Order.

12.     The Forbearance Period set forth in the Forbearance Agreement has expired and the Plaintiff has the right to enforce all remedies with respect to the Loan Documents including the entry of the Proposed Consent Order by this Court.

13.     Good cause exists for the entry of the Proposed Consent Order by the Court which is required to protect the Plaintiff's Collateral and allow the Plaintiff to timely and efficiently realize upon the Collateral. The appointment of a receiver for the Defendant is also necessary to stabilize, preserve and maximize the value of Defendant's assets and business.

14.     The Defendant agrees that a bond by the receiver in the amount of ten thousand dollars ($10,000.00) is sufficient.

15.     The Defendant agrees that the entry of the Proposed Consent Order, or any other judgment in this case, will not cause a merger of the Loan Documents with the Proposed Consent Order or any other judgment in this case and that the Loan Documents will survive the entry of the Proposed Consent Order and any other judgment entered in this case. The Defendant agrees that this Proposed Consent Order and the Forbearance Agreement shall not be deemed or construed to cure the existing defaults under the Loan Documents or waive any rights of Plaintiff or the Lenders under the Loan Documents or constitute a reinstatement, novation or release of any loan or Loan Documents. Defendant agrees that the Plaintiff and the Lenders reserve all rights and remedies in connection with the loans and Loan Documents.

16.     The Defendant agrees that it will not appeal from, or challenge in any way, the entry of the Proposed Consent Order or any judgment entered in this case.

17.    This Court has jurisdiction over this matter pursuant 28 U.S. Code § 1332.

## B.    ORDER

### Appointment of Receiver

18.    Effective immediately upon the entry of this Order by the Court and the posting of the bond required by this Order (the "Effective Date"), JS Held, LLC, d/b/a Morris Anderson & Associates, Ltd. and Mr. Mark Welch (the "Receiver") is appointed as the Receiver for the Defendant's corporate entity and for the Collateral for the purpose of managing, protecting, preserving, operating (if necessary) and selling the Defendant's business or some or all of the Company Assets (as defined in this Order) for the benefit and protection of Plaintiff and the Lenders, and the Receiver is hereby granted and vested all powers necessary to do so. The Receiver's authority includes, but is not limited to, management, operation, oversight and control of all aspects of the Defendant's business as well as the decision on whether to use, sell or lease any or all the Company Assets.

### Company Assets

19.    As used in this Order, the "Company Assets" means all of the Defendant's real, personal and mixed property and assets of whatever kind or nature and wherever located. The Company Assets include, without limitation, all the buildings, plants, lands, tenements, herediments, and real property, personal property, licenses, benefits, privileges, businesses, shares of stock, rights, machinery, tools, merchandise, bills and accounts receivable, cash on hand and in banks, causes of action, contracts, rights, and all contracts, rights, insurance policies (including without limitation property, liability, errors and omissions, directors and officers liability, crime, theft, and other policies of insurance "Claim Policies"), claims, choses in action, (including without limitation all claims, rights, and coverage available under any applicable insurance policy,

indemnity agreement, insured contract, fidelity bond, or similar arrangement to pay, reimburse, or defend any loss, direct loss, damages, punitive damages, defense costs, investigative costs, liability, or similar sums), intangibles, licenses, patents, trademarks and names, copyrights, corporate franchises, and its income and profits, books of accounts, records and other books, papers and accounts, deeds, leases, contracts, muniments of title, and all interests, easements, privileges, rights and assets of every kind.

## Bond Requirement

20.    The Receiver shall post a bond in the amount of $10,000.00.

## Receiver's Power and Authority

21.    Subject only to the rights of the Plaintiff, the Receiver shall have all the powers and authority which may be granted to a receiver under law, with such powers and authority being broadly interpreted and construed to maximize the lawful authority of the Receiver for the benefit of the Plaintiff and the Lenders. Notwithstanding the foregoing, the Receiver shall not, without Plaintiffs prior written consent, (a) sell, lease or encumber the Company Assets; or (b) make any single expenditure exceeding $10,000.

22.    The Receiver's power and authority to manage the Defendant and operate the Defendant's business and Company Assets includes, without limitation, the following:

  (a)    to take possession of the Company Assets and all personalty related thereto, including without limitation, all related books, records, bank accounts, keys, combinations for locks or other access information, or which relate in any manner to the management or operation of all or any portion of the Company Assets,

  (b)    to direct Defendant, Defendant's officers, agents, employees or other

representatives immediately to turn over and deliver or cause to be delivered to the Receiver or his designee all personalty which relates in any manner to the management or operation of the Company Assets including, without limitation, all keys, combinations for locks or other access codes, books, records, accounts, operating statements, reserve accounts and the like pertaining to the operation of the Company Assets,

(c)     subject to the rights and interests and for the benefit of Plaintiff and the Lenders, to sell all or any portion of the Company Assets and to do all acts and things necessary or advisable in connection with such sale(s),

(d)     to negotiate all bills, drafts, loan documents (with Plaintiff or others), notes or other instruments in the name of the Defendant,

(e)     subject to the rights and interests for the benefits of Plaintiff and the Lenders, to take such steps with respect to the outstanding accounts payable and the status of operation of the Company Assets in order to maintain, preserve, and protect the Company Assets including, without limitation, to discern the status of the outstanding accounts payable and to settle any such accounts that the Receiver or his designee deems necessary and the power to demand, collect and receive from all present and future account debtors, all sums now due and unpaid or which hereafter shall become due with respect to or arising out of the Company Assets during the pendency of the receivership authorized hereby,

(f)     to employ such counsel, accountants or other professionals, as may be necessary to carry out his duties as Receiver and to preserve, maintain and

liquidate the Company Assets,

(g) to conduct discovery, provide notice, prosecute and pursue claims, cooperate, negotiate, and otherwise take all steps necessary to recover or obtain coverage from any entity relating to (i) the acts, conduct, property, liabilities, or financial condition of the Defendant, (ii) the Claim Policies, or (iii) any other matter or item that may affect the Receiver's administration of the Company Assets;

(h) subject to the rights and interests of Plaintiff and the Lenders, to commence and prosecute such actions at law or in equity that the Receiver deems necessary to fulfill its duties to preserve the Company Assets, provided that the Receiver shall have a non-exclusive right to pursue claims under the Claim Policies and shall consult and cooperate with Plaintiff so as to not impair any right or claim Plaintiff may have under the Claim Policies,

(i) subject to the rights and interests and for the benefit of Plaintiff and the Lenders, to commence and prosecute such actions at law or in equity that the Receiver deems necessary to fulfill his duties to preserve the Company Assets,

(j) subject to the rights and interests and for the benefit of Plaintiff and the Lenders, to terminate or abrogate any or all agreements, contracts, understandings or commitments entered into by the Defendant with respect to the Company Assets, to the extent permitted by applicable law,

(k) to maintain existing or open new accounts with, or negotiate, compromise or otherwise resolve the Defendant's existing obligations to utility

companies or other service providers or suppliers of goods and services to the Defendant or to otherwise enter into such agreements, contracts or understandings with such utility companies or other service providers or suppliers as are necessary to maintain, preserve and protect the Company Assets,

(l)    to open new bank accounts with respect to the Receiver or his designee's management of the Company Assets,

(m)    to secure such monies as Plaintiff and the Lenders may be willing to advance for the operation, preservation and maintenance of the Company Assets, including current costs of repairs and general maintenance, security, utilities, insurance and other necessary services which such monies shall be added to the balance due under the Loan Documents,

(n)    sell some or all of the Company Assets if this is necessary, in the Receiver's sole discretion, to maximize the recovery of the Plaintiff and the Lenders;

(o)    employ, fix and pay the compensation, salaries and wages of all managers, agents, employees, and servants as may be advisable or necessary in its judgment for the operation, management, conduct, control or custody of the affairs of the Company Assets and the operation of the Defendant's business;

(p)    make payments to the Plaintiff to repay any advances made by the Plaintiff and the Lenders pursuant to this Order or to be applied to Defendant's obligations under the Loan Documents; and

(q)    to apply to this Court for further direction and for such further powers as

may be necessary to enable the Receiver to fulfill the Receiver's duties. The foregoing list of the Receiver's power and authority shall not be construed as a limitation of the Receiver's power and authority. The Receiver shall have all power and authority reasonably necessary for the protection of the Plaintiff's and Lenders' interests whether or not the power or authority is expressly granted in this Order

### Notice to Creditors

23.    The Receiver shall promptly give notice to Defendant's creditors of all of the following: (a) his appointment; (b) any bulk sale of Defendant's assets; and (c) any distribution of the proceeds of the receivership made by the Receiver to satisfy the claims of creditors of the Defendant, which distributions do not include the payments made by the Receiver to creditors in connection with the operation of the Company, which payments shall be accounted for pursuant to the Receiver's reporting obligations under Paragraph 27 of this Order.

### Power to Sell Property

24.    Upon the consent of the Plaintiff, the Receiver is authorized to list the Defendant's business and Company Assets, or any of them, for sale at any price the Receiver determines in the exercise of its business judgment, to be an appropriate list price. The Receiver may employ or retain an investment banker, broker and other professionals to assist in the sale of the Company Assets, or any of them. Provided the Plaintiff consents, the Receiver, to the extent permitted by applicable law, may obtain a commission or other compensation in connection with such sale. With the advice and consent of the Plaintiff, the receiver is authorized to negotiate proposed sale terms with one or more buyers for any or all of the Company Assets. If the Receiver reaches an agreement with one or more buyers of some or all of the Company assets, and if the Plaintiff consents to the terms and conditions of such sale, the Receiver **shall file** a motion with the Court

for the approval of such sale in accordance with the requirements of 28 U.S.C. § 2001 or other applicable law. All sales of any of the Company Assets, unless otherwise agreed to by Plaintiff and Defendant shall be in compliance with 28 U.S.C. § 2001 or other applicable law.

## Receiver Standing

25.    In order to exercise the authority conferred upon it under this paragraph and more generally by this Order, the Receiver is hereby vested with the standing and all power and authority of, but without the liability of or associated with, or obligation to act as: (a) the board of directors and/or the shareholders of the Defendant; and (b) the executives and management of the Defendant as the Receiver deems necessary including, without limitation, the power and authority to (i) assert or waive attorney/client, work product, joint defense or other privilege, (ii) execute documents, instruments and resolutions in connection with sale or finance transactions, and (iii) have and obtain access to employee records, reports, communications and other work product.

## Bankruptcy Authority

26.    Subject to the consent and approval by the Plaintiff, the Receiver is hereby vested with the standing and all authority to authorize, commence and prosecute a proceeding under Title 11 if the United States Code for the Defendant or any entity owned or controlled by the Defendant. In the event a bankruptcy petition for Defendant is filed under Title 11 of the United States Code, the Receiver, is hereby is, authorized to, on behalf of the Defendant to commence, prosecute, defend or participate in said bankruptcy case as a debtor, alleged debtor or debtor-in-possession and shall remain in possession, custody, and control of the Title 11 bankruptcy estate and shall be authorized to act as the board of directors, managers and officers of Defendant.

## Inspection, Inventory and Reporting

27.    The Receiver or his designee shall conduct an inspection of the Company Assets

and shall perform a complete inventory of the Company Assets coming under its control or possession pursuant to this Order. Such inspection and inventory shall be conducted with the cooperation of Plaintiff, Defendant and/or their agents, employees or other representatives and the Receiver or his designee shall file under oath with the Court a true and complete inventory of the Company Assets and a list of all known creditors and their respective claims within forty-five (45) days after the date of this Order. The Receiver or his designee shall keep a true and accurate account of any and all receipts and expenditures and shall file with the Court a report of his activities every ninety (90) days or as otherwise directed by the Court. As relevant, the report shall include: (a) a summary of the activities of the Receiver; (b) a schedule of the Receiver's receipts and expenditures; and (c) the Receiver's fees and expenses during that reporting period.

### Collection of Accounts

28.    Subject to the consent of the Plaintiff, all rents, issues, profits, revenues, income or other payments which are now or hereafter become due (hereinafter collectively, the "Accounts") with respect to all or any portion of the Company Assets whether pursuant to oral or written agreements shall be remitted by the account debtors directly to the Receiver.

### Insurance

29.    The Defendant shall permit existing insurance coverage to remain in force until the expiration of the current paid term under such insurance policy or policies and shall notify the insurance carrier(s) immediately upon the entry of this Order and request that the Receiver be added to the insurance policy or policies as an additional insured thereunder. If the Receiver determines that the existing insurance coverage is inadequate, the Receiver shall obtain additional insurance coverage to rectify the inadequacy. The Receiver shall maintain adequate insurance at all times and the insurance must, at a minimum, comply with the requirements of the Loan

Documents. The Receiver may obtain liability insurance to protect the Receiver, its officers, directors, employees, contractors and agents in carrying out its duties hereunder. The premium for all insurance may be paid from the Company Assets.

## No Obligation to File Tax Returns

30.     The Receiver shall have no obligation to prepare or file state or federal tax returns on behalf of Defendant and shall not be responsible for paying any unpaid state or federal taxes related to Company Assets or the Defendant. The responsibility for such filings and payments lies exclusively with Defendant, its agents, employees and representatives. The Receiver shall permit reasonable access to all books and records relating to the Property as necessary to facilitate such filings and payments by Defendant.

## Compensation of the Receiver

31.     The Receiver shall be compensated as set forth in Addendum 1 (ECF No. 19-3) or on such other terms agreed to by the Receiver and Plaintiff. The Receiver shall be paid out of the Company Assets, or if the Company Assets are not sufficient to pay the Receiver's personal expenses and fees, Plaintiff may pay the Receiver's fees and expenses.

## Defendant's Contracts

32.     The Receiver shall not be bound by all or any contracts, agreements, understandings or other commitments that Defendant had, has or may have with third parties, whether oral or written. The Receiver may, by an affirmative written ratification executed by the Receiver and Plaintiff's written approval, agree to become bound by any such contracts, agreements, understandings or other commitments or may agree to enter into any new or amended contracts, agreements, understandings or other commitments. Nothing in this Order constitutes, or shall be construed to constitute, an assumption by the Plaintiff or the Receiver of any of the Company

Assets or other contracts or agreements currently existing or a waiver by the Plaintiff or the Receiver of any defaults under any such leases, contracts or agreements.

## Retention of Professionals

33.     The Receiver, following consultation and approval of the Plaintiff, is authorized to retain independent professionals, including legal counsel to represent the Receiver generally in the Receivership including, without limitation, in dealing with the tenants, in reporting to and appearing before this Court, and as necessary in dealing with the parties to the action. Professional fees and costs reasonably incurred by the Receiver in performance of its duties shall be an expense of the Defendant.

## Reliance on Court Orders

34.     The Receiver, the Receiver's agents, employees and counsel are entitled to rely on all outstanding rules of law and Court Orders and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment or decree.

## Receiver Immunity

35.     Without limiting any other rights or immunities the Receiver may have at law or in equity, the Receiver shall have no liability for acts or omissions made by or on behalf of it in its capacity as receiver so long as such acts and omissions are made in good faith and without gross negligence. The Receiver and its employees, agents, contractors and attorneys shall have no personal liability in connection with any liabilities, obligations, liens or amounts owed to any of Defendant's creditors because of its duties as Receiver. Nothing in this Order shall grant any rights to trade creditors or general unsecured creditors, whose rights shall be solely determined in accordance with applicable law. No person or entity shall file suit or take any action against the Receiver its employees, agents, contractors or attorneys without an order of this Court permitting

the suit or action. Without limiting the foregoing, the Receiver shall have no personal liability for any liabilities or claims arising under the Worker Adjustment and Retraining Notification (WARN) Act.

### Benefit to Plaintiff and Lenders

36.    The Receiver is appointed for the benefit and protection of the rights and interests of Plaintiff and the Lenders and all actions of the Receiver pursuant to this Order shall be for the benefit and protection of Plaintiff and the Lenders. Notwithstanding any of the provisions of this Order, nothing in this Order shall in any way limit, alter, or impair the rights and interests of Plaintiff or the Lenders in the Collateral, including the rents, income, accounts, revenues, profits and insurance premium refunds and/or claim settlements therefrom, or under the Loan Documents.

### Advances by Plaintiff

37.    The Receiver is authorized to request the Plaintiff and the Lenders to advance, or loan, sums to enable the Receiver to perform under this Order. Any sums advanced by Plaintiff and/or the Lenders to the Receiver shall be deemed advances to the Defendant under the Loan Documents and shall be deemed secured pursuant to this Order and the Loan Documents. In addition, the Plaintiff (for its benefit and the benefit of the Lenders) shall have a lien securing advances on any Company Assets which are not already the Plaintiff's Collateral.

### Plaintiff's Continued Security Interest

38.    The Plaintiff (for itself and the benefit of the Lenders) is and will continue to be secured in the Collateral, including, but not limited, to accounts, cash, chattel paper, collections, contracts, copyrights, documents, equipment, fixtures, general intangibles, instruments, inventory, investment property, patents, proceeds, remittances, secured obligations, trademarks, trade secrets, insurance proceeds and commercial tort claims whether such assets

come into existence before, during or after the receivership. No lien, claim or other security interest of the Plaintiff in the Collateral shall be impaired or affected by this Order, nor shall the appointment of the Receiver or any provision of this Order impair the Plaintiff's or the Lenders' rights and remedies under the applicable Loan Documents.

## No Liability for Plaintiff

39.     Nothing contained in this Order shall impose any liability upon the Plaintiff or the Lenders. By making the request for the appointment of a receiver, the Plaintiff does not render itself liable for the costs and expenses of the Receiver or Defendant, or any other costs or expenses, nor is the Plaintiff required to advance funds to the Receiver to meet working capital or other needs of the Defendant. The Plaintiff may, in its sole discretion and without further order of this Court, use any of the funds currently in its possession, or which are remitted to it by the Receiver during the course of this receivership in any manner it determines is necessary, including for the payment of its fees and expenses (including its counsel's fees and expenses) or interest or principal payments under the applicable Loan Documents. If there are not sufficient revenues to pay the Receiver's compensation, then any funds advanced by Plaintiff and/or the Lenders for that purpose shall be treated as part of the indebtedness secured by the Loan Documents. The appointment of the Receiver pursuant to this Order shall not constitute the existence of a lender in possession of the Company Assets. The Plaintiff may contact any party or parties who have expressed an interest in purchasing the Company Assets and negotiate the terms of such purchase; provided however, that no such contact with any potential purchaser shall cause or be deemed to cause Plaintiff to be a lender in possession of the Company Assets or otherwise subject Plaintiff to any liability under the Loan Documents or applicable law. The Loan Documents shall survive, and not merge with, this Order.

### Plaintiff's Right to Inquire

40.    The Plaintiff shall have the right to inquire, and conduct discovery, from the Receiver, Defendant, Defendant's shareholders, directors, agents, employees or other representatives concerning the operation of the Defendant, the financial affairs of the Defendant, transfers made by the Defendant and current and former Company Assets including, but not limited to, the identity of account debtors.

### Interference Prohibited

41.    Defendant, Defendant's owners, shareholders, directors, officer, managers, agents, employees or other representatives (collectively, the "Defendant Parties") under this Order are hereby directed to use their best efforts to ensure a smooth transition of the operation of the Defendant and Company Assets to the Receiver or its designee and the Defendant shall cooperate with the Receiver or his designee in consummating such transition. The Defendant Parties are hereby enjoined from interfering in any manner with the Receiver or his management of the Company Assets. Without limitation, the Defendant Parties are enjoined from:

(a)    commencing, prosecuting, continuing or enforcing any suit or proceeding in law, equity, bankruptcy, or otherwise against or affecting the Defendant or any part of the Company Assets without first obtaining leave of this Court except that such actions may be filed to toll any statutes of limitations;

(b)    using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any portion of the Company Assets, wherever situated;

(c)     attempting to modify, cancel, terminate, call, extinguish, revoke or accelerate the due date of any lease, loan, mortgage, indebtedness, security agreement or otherwise affecting the Company Assets;

(d)     doing any act to interfere with the taking control, possession, or management, by the Receiver, of any portion of the Company Assets or to interfere in any manner with the exclusive jurisdiction of this Court over the Company Assets;

(e)     engaging in any act to create, perfect, or enforce any lien against Company Assets, unless specifically authorized by order of this Court;

(f)     engaging in any act to collect, assess, or recover a claim against the Defendant that arose before the appointment of the Receiver; and

(g)     exercising a setoff of any debt owing to the Defendant that arose before the appointment of the Receiver against any claim against the Defendant.

As set forth below, the following proceedings, excluding the instant proceeding brought by Plaintiff, are stayed until further Order of this Court:

All civil legal proceedings of any nature, including, but not limited to: bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving: (a) the Receiver, in his capacity as Receiver; (b) any Receivership Assets, wherever located; (c) the Defendant; or, (d) any of the Defendant's past or present agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff defendant, third-party plaintiff third-party defendant, or otherwise (an "Ancillary Proceeding").

A party may seek leave of this Court to continue, commence, or request other relief regarding an Ancillary Proceeding.

For the avoidance of doubt, the application of the stay provided in this paragraph is not intended to and shall not place a party to an Ancillary Proceeding retroactively in violation of this Order.

## Termination and Final Report

42.    Plaintiff may terminate the receivership authorized and created hereby at any time by Motion seeking termination of the receivership. Within forty-five (45) days of termination of the receivership, the Receiver shall prepare and file a final report (the "Final Report"). Any objections to the Final Report must be filed with the Court and served on the Receiver, its counsel, Plaintiff's counsel, and all other parties having entered their appearance in this proceeding within thirty (30) days of the filing of the Final Report. Any objection to the Final Report not raised as set forth herein shall be deemed waived. If no objections are received, the Final Report will be subject to final approval by the Court. After the Final Report is approved, the Receiver shall turn over any excess funds in its possession not used to pay final bills and expenses of the Receivership to the Plaintiff, unless otherwise directed by the Court. In the event the indebtedness due to Plaintiff and the Lenders has been paid in full from funds remitted to Plaintiff, any excess funds shall be remitted by Plaintiff to Defendant. Nothing in this Order precludes the Receiver from requesting permission from this Court to terminate the Court's appointment as the Receiver in this case; provided, however, that Plaintiff shall have not less than thirty (30) days' notice of the hearing on any such request. Unless otherwise expressly provided therein, the entry of a judgment on Plaintiff's Complaint shall not operate as a termination of the Receivership.

## Retention of Jurisdiction

43.     This Court retains jurisdiction to modify the terms of this Order and to expand or contract the rights, duties and obligations of the Receiver. The Receiver may apply to this Court by motion and upon notice to all parties for further or other authority as may be necessary in its performance of its duties.

BY THE COURT:

PATRICIA L. DODGE
United States Magistrate Judge