IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE HUNTINGTON NATIONAL BANK, as Administrative Agent, Collateral Agent, Lender and Issuer<br><br>Plaintiff,<br><br>v.<br><br>FOURTH STREET BARBECUE INC.<br><br>Defendant. | Civil Action No: 2:25-cv-01537<br><br>Magistrate Judge Patricia L. Dodge |

**ORDER (I) ESTABLISHING EXCLUSIVE PROCEDURES FOR THE ASSERTION, RESOLUTION AND SATISFACTION OF PRE-RECEIVERSHIP CLAIMS ARISING UNDER THE PERISHABLE AGRICULTURAL COMMODITIES ACT, THE PACKERS AND STOCKYARDS ACT OF 1921 AND STATE LAW EQUIVALENTS, AND (II) APPROVING THE MANNER OF NOTICE THEREOF**

AND NOW, this 2nd day of December, 2025, upon consideration of the *Motion of the Receiver for an Order (I) Establishing Exclusive Procedures for the Assertion, Resolution and Satisfaction of Pre-Receivership Claims Arising under the Perishable Agricultural Commodities Act, the Packers and Stockyards Act of 1921 and State Law Equivalents, and (II) Approving the Manner of Notice Thereof* (the "Motion"),[1] and the Court being satisfied that: (i) the Court has subject matter jurisdiction over this action and personal jurisdiction over the Defendant, and venue properly lies in this district; (ii) the relief is necessary, appropriate, and in the best interest of the Receiver, the estate and its creditors; and (iii) good and sufficient cause appearing therefore; it is hereby:

    1.    The Motion is Granted on a final basis as set forth herein.

---

[1] All capitalized terms not otherwise defined herein have the meaning given to them in the Motion.

2. The PACA/PASA Claims Bar Date Notice, attached hereto as **Exhibit 1**, is approved.

3. PACA Claim Procedures described below are hereby approved and may be implemented by the Receiver:

A. <u>PACA/PASA Claim Notices</u>. Any PACA/PASA Vendor or seller seeking the protection of a PACA/PASA Trust must provide a PACA/PASA Claim Notice, substantially in the form of the PACA/PASA Claim Form, to the Receiver's counsel and counsel to Plaintiff by electronic mail **OR** First Class Mail as follows:

| **Receiver's Counsel:** | **Plaintiff's Counsel:** |
|---|---|
| aleventhal@camlev.com; pcordaro@camlev.com; and hjiuliante@camlev.com | timothy.palmer@bipc.com; and jpolinko@mcdonaldhopkins.com |
| Campbell & Levine c/o Alexis Leventhal 310 Grant St., Suite 1700 Pittsburgh, PA 15219 | Buchanan, Ingersol, & Rooney c/o Timothy Palmer Union Trust Building 501 Grant Street, Suite 200 Pittsburgh, PA 152190-4413<br><br>and<br><br>McDonald Hopkins c/o John Polinko 600 Superior Avenue East Suite 2100 Cleveland, OH 44114 |

The PACA/PASA Claim Notice must be received on or before **January 2, 2026 at 5:00 p.m. (E.T.)**. PACA/PASA Claim Notice must: (i) set forth the amount of the asserted PACA/PASA Claim, (ii) provide documentation demonstrating that the PACA/PASA Vendor previously delivered a valid and timely PACA or PASA notice in accordance with PACA, PASA, or State PACA/PASA Law to preserve the benefits of a PACA/PASA Trust, (iii) provide

documentation supporting the underlying debt of the PACA/PASA Claim, including invoices, receipts, bills of lading, or other documentation which also identify the commodities, products, or other items for which the PACA/PASA Claim is being asserted, and (iv) for PACA/PASA claims asserted under State PACA/PASA Laws, set forth the specific state law the PACA/PASA Vendor is asserting the PACA/PASA Claim and the underlying basis explaining why the state law is applicable.

B. <u>PACA/PASA Procedure Notice</u>. Within three (3) business days of the entry of the Proposed Order, the Receiver will send this Order approving the PACA/PASA Procedures, the PACA/PASA Claims Bar Date Notice, and the PACA/PASA Claim Form by first class mail to all persons or entities who the Receiver reasonably believes may have, or may attempt to assert, a PACA/PASA Claim.

C. <u>Claim Report</u>. On or before **February 9, 2026**, the Receiver and Plaintiff will file a report (the "<u>Report</u>") with the Court that lists all the PACA/PASA Claims received by the Receiver and Plaintiff and identifies the specific PACA/PASA Claims that the Receiver and/or the Plaintiff believes are invalid in whole or in part. The Report shall be sent by first class mail to all parties filing a PACA/PASA Claim that is the subject of the Report.

D. <u>Objections</u>. The PACA/PASA Objection Deadline shall be **March 2, 2026**. Any objection must be filed with the Court on or before the PACA/PASA Objection Deadline.

E. <u>Effect of the Report</u>.

    i. With respect to each PACA/PASA Claim in the Report as to which no objection is timely received, such PACA/PASA Claim shall be deemed an invalid PACA/PASA Claim (in whole or in part, as specified in the Report) without further order of the Court and, to the extent invalid, shall not be

    entitled to the priorities provided under PACA, PASA, or State PACA/PASA Law.

  ii. With respect to each PACA/PASA Claim in the Report as to which an objection is timely received and the parties resolve the objection, the PACA/PASA Claim shall be treated as an allowed PACA/PASA Claim or a disallowed PACA/PASA Claim, in whole or part, as agreed to by the parties, without further order of the Court, upon the filing by the Receiver of a notice setting forth the agreement of the parties.

  iii. With respect to each PACA/PASA Claim in the Report as to which an objection is timely received and the objection cannot be resolved by the parties, the PACA/PASA Claim shall not be deemed valid or invalid except upon order of the Court. **If a resolution is not reached by at least (60) days after the date of the Report, or such later period as may be agreed to by the PACA/PASA Vendor, the Receiver will request that the dispute be heard by the Court.**

  F. <u>Standstill</u>.  Pending completion of the PACA/PASA Procedures, a standstill shall be in effect, and parties claiming to be PACA, PASA, and/or State PACA/PASA Law beneficiaries may not take any action to establish the validity and amount of, collect, or enforce their PACA/PASA Claims, except pursuant to the Proposed PACA/PASA Procedures.

  4. The PACA/PASA Procedures are the sole and exclusive method permitted with respect to the resolution and payment of PACA/PASA Claims asserted against the Defendant. All vendors with PACA/PASA Claims are prohibited from seeking any other treatment than is permitted by the procedures above.

  5. The Receiver is authorized to take any and all actions necessary to effectuate the relief granted herein.

BY THE COURT:

_____
PATRICA L. DODGE
UNITED STATES MAGISTRATE JUDGE

5

# **EXHIBIT 1**

**PACA/PASA CLAIMS BAR DATE NOTICE**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE HUNTINGTON NATIONAL BANK, as Administrative Agent, Collateral Agent, Lender and Issuer<br><br>Plaintiff,<br><br>v.<br><br>FOURTH STREET BARBECUE INC.<br><br>Defendant. | Civil Action No: 2:25-cv-01537-PLD |

**NOTICE OF ENTRY OF ORDER ESTABLISHING EXCLUSIVE PROCEDURES
FOR THE ASSERTION, RESOLUTION AND SATISFACTION OF
PRE-RECEIVERSHIP CLAIMS ARISING UNDER THE PERISHABLE
AGRICULTURAL COMMODITIES ACT, THE PACKERS AND STOCKYARDS ACT OF
1921 AND STATE LAW EQUIVALENTS AND PACA/PASA CLAIMS BAR DATE**

**PLEASE TAKE NOTICE** that on October 3, 2025, Huntington National Bank, in its capacity as Administrative Agent and as a Lender (the "Plaintiff"), filed Plaintiff the *Huntington National Bank's Complaint for Breach of Credit Agreement* [ECF No. 1] in the United States District Court for the Western District of Pennsylvania (this "Court") commencing the above-subject action (this "Action") against the Fourth Street Barbecue Inc. (the "Defendant").

**PLEASE TAKE FURTHER NOTICE** that on October 20, 2025, the Court entered the *Order Appointing Receiver* (the "Receivership Order")[2] [ECF No. 20] appointing JS Held, LLC d/b/a MorrisAnderson & Associates, Ltd. and Mr. Mark Welch (together, the "Receiver") for the Defendant's corporate entity and assets for the purpose of managing, protecting, preserving, operating (if necessary) and selling the Defendant's business or some or all of its assets (the "Receivership").

**PLEASE TAKE FURTHER NOTICE** that on December 2, 2025, the Court entered an order [ECF No. 53] (the "Order") establishing exclusive procedures (the "PACA/PASA Procedures") for the assertion, resolution and satisfaction of pre-receivership claims arising under the Perishable Agricultural Commodities Act and the Packers and Stockyards Act of 1921 and state law equivalents (collectively, the "PACA/PASA Claims").

7

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Order, any supplier or seller seeking the protection of a trust pursuant to PACA, PASA or State Law equivalents (the "PACA/PASA Vendors") must provide a notice of assertion of a PACA/PASA Claim (the "PACA/PACA Claim Notice") using the enclosed form to counsel for Plaintiff and counsel to the Receiver by email **OR** First Class Mail as follows:

| Receiver's Counsel: | Plaintiff's Counsel: |
|---|---|
| Campbell & Levine, LLC<br>Attn: Alexis Leventhal, Esq. and Heather Jiuliante<br>310 Grant St., Suite 1700<br>Pittsburgh, PA 15219<br>Email: aleventhal@camlev.com; and<br>hjiuliante@camlev.com | Buchanan, Ingersol, & Rooney<br>Attn:  Timothy Palmer, Esq.<br>Union Trust Building<br>501 Grant Street, Suite 200<br>Pittsburgh, PA 152190-4413<br>Email: timothy.palmer@bipc.com<br><br>-and-<br><br>McDonald Hopkins<br>Attn: John Polinko, Esq.<br>600 Superior Avenue East<br>Suite 2100<br>Cleveland,OH44114<br>Email:  jpolinko@mcdonaldhopkins.com |

**PLEASE TAKE FURTHER NOTICE** that the PACA/PASA Claim Notice must be received on or before **January 2, 2026 at 5:00 p.m. (ET)** (the "PACA/PASA Claim Bar Date"). PACA/PASA Claim Notice must:

(i) Be received prior to the PACA/PASA Claim Bar Date;

(ii) Set forth the amount of the asserted PACA/PASA Claim;

(iii) provide documentation demonstrating that the PACA/PASA Vendor previously delivered a valid and timely PACA or PASA notice in accordance with PACA, PASA, or State PACA/PASA Law to preserve the benefits of a PACA/PASA Trust;

---

2  The Receivership Order was subsequently modified on November 3, 2025, to provide additional protections to the Receivership and clarification of the Receiver's duties and obligations.

8

  (iv)  Provide documentation supporting the underlying debt of the PACA/PASA Claim, including invoices, receipts, bills of lading, or other documentation which also identify the commodities, products, or other items for which the PACA/PASA Claim is being asserted, and

  (v)  For PACA/PASA claims asserted under State PACA/PASA Laws, set forth the specific state law the PACA/PASA Vendor is asserting the PACA/PASA Claim and the underlying basis explaining why the state law is applicable.

  **PLEASE TAKE FURTHER NOTICE** that the PACA/PASA Procedures shall be the sole and exclusive method for the assertion, resolution and satisfaction of any PACA/PASA Claims, and any PACA/PASA Vendors shall be prohibited from utilizing any other means for the assertion, resolution and satisfaction of any PACA/PASA Claims.

  **PLEASE TAKE FURTHER NOTICE** that all PACA/PASA Claim Notices shall be filed on or before the PACA/PASA Claim Bar Date.  **All PACA/PASA Vendors shall be forever barred from asserting a claim pursuant to PACA/PASA and applicable State PACA/PASA Law after the expiration of the PACA/PASA Claim Notice Deadline.**

  *PLEASE TAKE FURTHER NOTICE that the fact that you have received this notice does not mean that you have a PACA/PASA Claim or that the Receiver believes you have such a claim.*