IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE HUNTINGTON NATIONAL BANK, as Administrative Agent, Collateral Agent, Lender and Issuer,<br><br>                Plaintiff,<br><br>         v.<br><br>FOURTH STREET BARBECUE INC.<br>                Defendant. | Civil Action No. 2:25-cv-01537-PLD |

**EXPEDITED MOTION OF PREMIER TRAILERS, LLC FOR
LEAVE TO TERMINATE LEASE AGREEMENTS AND REPOSSESS COLLATERAL**

Premier Trailers, LLC ("Premier" or the "Movant") moves for leave of Court to terminate its lease agreements with the Defendant Fourth Street Barbecue Inc. (the "Defendant" or "Company") and to repossess the leased trailers that are still in the possession or control of the Defendant.

**BACKGROUND**

**A.     Procedural Background**

1. This action was commenced on October 3, 2025 when Huntington National Bank, in its capacity as Administrative Agent and as a Lender (the "Plaintiff" or "Bank"), filed a Complaint for Breach of Credit Agreement [ECF. No. 1] against the Defendant.

2. On October 8, 2025, Plaintiff filed a Consent Motion for Appointment of Receiver [ECF No. 7] (the "Receivership Motion").

3. On October 20, 2025, the Court entered the Order Appointing Receiver [ECF No. 20] appointing JS Held, LLC d/b/a MorrisAnderson & Associates, Ltd. as Receiver ("Receiver") for the Company.

4. On November 3, 2025, the Order Appointing Receiver was modified [ECF No. 33] (the "Receivership Order").

1

5.  Pursuant to the Receivership Order, all "Ancillary Proceedings" are stayed pending further Order of this Court. The Receivership Order defines an Ancillary Proceeding as:

> "[a]ll civil legal proceedings of any nature, including, but not limited to: bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving: (a) the Receiver, in his capacity as Receiver; (b) any Receivership Assets, wherever located; (c) the Defendant; or, (d) any of the Defendant's past or present agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff defendant, third-party plaintiff third-party defendant, or otherwise". Receivership Order, § 41 [ECF No. 33]

6.  The Receivership Order further provides that "[a] party may seek leave of this Court to continue, commence, or request other relief regarding an Ancillary Proceeding." Id.

7.  On November 21, 2025, the appointed receiver, JS Held, LLC d/b/a Morris Anderson & Associates, Ltd. and Mr. Welch (together, the "Receiver") filed an emergency motion (the "Sale Motion") requesting an order for the following: (I) approving transition services and funding agreement; (II) scheduling an expedited hearing on sale of company assets; and (III) approving the sale of company assets at the expedited hearing. [ECF No. 46]

8.  As set forth in the Sale Motion, the Receiver indicated that the Company could not afford to operate, including the payment of employees, beyond November 2025. Sale Motion, ¶19. [ECF No. 46]

9.  The Sale Motion was subsequently withdrawn by the Receiver on November 24, 2025. [ECF No. 47]

10. The Court held a status conference on December 2, 2025. Per the minute entry for the status conference, the Court indicated that Counsel for the Receiver provided an update on the Receiver's continued operation of Fourth Street Barbecue following the withdrawal of the emergency motion. [ECF No. 53] The minute entry also indicated a third party sale is no longer

an option, downsizing of operations is ongoing and the Receiver is pivoting towards liquidation with a motion to appoint an auctioneer to be filed within the next week. [ECF No. 53]

11. On December 5, 2025, the Receiver filed an Expedited Motion for an Order Approving (I) Employment of Auctioneer; (II) Sale of Company Assets; and (III) Notice of Procedures Related Thereto (the "Auction Motion"). [ECF No. 57]

12. On December 8, 2025, the Receiver filed a Supplement to the Receiver's Expedited Motion for an Order Approving (I) Employment of Auctioneer; (II) Sale of Company Assets; and (III) Notice of Procedures Related Thereto (the "Supplement"). [ECF No. 58]

13. By virtue of the Auction Motion, the Receiver seeks to employ Hyperams, LLC as auctioneer to liquidate the assets of the Company.

14. The Auction Motion provides that the Receiver continues to operate the Company but the Company is unable to support continued operations and the Company assets must be liquidated. Auction Motion, ¶5. [ECF No. 57]

**B.     Premier's Agreements with the Company**

15. From March to June 2025, the Defendant, through its Chief Restructuring Office, Michael Von Lehman, entered into a series of rental agreements (the "Rental Agreements") for the rental of ten (10) trailers from the Movant.

16. In addition, the Defendant and Premier executed a Master Lease Agreement and Lease Schedule on April 21, 2025, pursuant to which the Movant leased five (5) trailers to the Defendant, which brings the total to fifteen (15) trailers currently leased or rented by the Defendant (collectively, the "Trailers") in 2025[1].

---

[1] The Defendant initially leased 15 trailers however 3 of the trailers have been returned to Premier.

17. Premier's Standard Terms and Conditions ("T/C's," and collectively with the Rental Agreements, the Master Lease Agreement and the Lease Schedule, the "Agreements") are incorporated into and made part of the Rental Agreements, Master Lease Agreement, and Lease Schedule, and the Defendants consented to the T/C's in accordance with those agreements. True and accurate copies of the Agreements are attached to this Motion and incorporated herein as **Exhibit "1"** through **Exhibit "11"**. *See* Ex. 1, Master Lease Agreement; Ex. 2, Lease Schedule; Ex. 3 through Ex. 10, Rental Agreements; Ex. 11, T/C's.

18. Premier's Agreements are true leases and rental agreements. Premier is the owner of the trailers, and the Company has usage rights pursuant to the Agreements. There is no option to purchase the trailers at the end of the Agreements and they must be returned to Premier.

19. At the time of the execution of the Agreements, the Defendant failed to inform the Movant that it was in default of its obligations to the Bank.

20. Section 9 of the T/C's, titled "DEFAULT AND REMEDIES", lists the "events" that will trigger a default, including but not limited to the following:

(i) Lessee[2] fails to pay within ten (10) days of when due any amount due hereunder;

(ii) [A]ny certificate, statement, representation, warranty, or financial or credit information heretofore or hereafter made or furnished by or on behalf of Lessee . . . . proves to have been false or misleading in any material respect or omitted any material fact or contingent or unliquidated liability or claim against Lessee . . .;

. . .

(viii) Lessee . . . will voluntarily file, or have filed against it involuntarily, a petition for liquidation, reorganization, adjustment of debt, or similar relief under any present or future Applicable Law, or a trustee, receiver or liquidator will be appointed of it or of all or a substantial part of its assets; . . . or

(xii) Lessee fails to return the Equipment to Lessee in accordance with the terms of the Lease and these T/C's.

---

[2] The Company is defined as the Lessee under the Master Agreement, Lease Schedule, and Rental Agreements.

Ex. 11, T/C's, § 9.a).

## ARGUMENT

21. Premier seeks relief from the Receivership Order in accordance with Fed. R. Civ. P. 60(b) in order to obtain leave to terminate its Agreements with the Defendant and repossess its Trailers.

22. In the event of a default, the T/C's permit, *inter alia*, the Movant to "cancel or terminate the Lease" and "secure peaceable repossession and removal of the Equipment." *Id.* § 9.b).

23. The Defendant has triggered a default under the T/C's in three ways.

24. *First*, the Defendant failed to pay on the invoices for the twelve trailers pursuant to the terms of the Agreements and as of December 5, 2025, the Defendant owes Premier a total of $84,997.27 pursuant to the Agreements. Premier acknowledges that the Receiver recently made a payment to Premier for post-receivership invoices which were only a small fraction of the total amount owed to Premier.

25. *Second*, the Master Lease Agreement and Lease Schedule are dated *after* the Defendant defaulted on its obligations under the "Credit and Security Agreement" and "other Loan Documents", which resulted in the appointment of Michael Von Lehman, as the Defendant's chief restructuring officer in December 2024. Receivership Order, at 2. [ECF No. 33]

26. Mr. Von Lehman signed the Master Lease Agreement and Lease Schedule here, but he abbreviated his title as "CRO" instead of his full position. *See* Ex. 1. Mr. Von Lehman's material omission of his title and failure to notify Premier of the prior default on the $85,000,000 loan is a triggering event under Section 9.a) of the Movant's T/C's. *See* Ex. 11.

27. *Third*, the appointment of the receiver also amounts to a triggering event under Section 9.a.). *See* Ex. 11.

28. Due to the Company's inability to operate, the Receiver's proposed liquidation of the Company's assets through an auction and the Defendant's breaches of the Agreements, Premier seeks relief from the Receivership Order in order to terminate the Agreements and immediately repossess its trailers.

29. Since a third party sale is no longer a viable option, there will be no possibility of assumption or assignment of the Agreements and Premier has suffered a tremendous loss of rental income.

30. If the Company will no longer operate while auctioning off its assets, Premier submits that the Company will no longer have use for the trailers.

31. If the Company continues to operate while auctioning off its assets and requires the use of Premier's trailers, then Premier is a "critical vendor" and must be treated as such.

32. A "critical vendor" in bankruptcy law refers to a vendor whose goods or services are essential to the debtor's ability to continue operations during a Chapter 11 bankruptcy proceeding. The designation allows the bankruptcy court to authorize payment of the vendor's prepetition claims, which is an exception to the general rule that prepetition unsecured debts are not paid post-petition. *In re Pers. Commc'ns Devices, LLC*, 588 B.R. 661 (Bankr. E.D.N.Y. 2018).

33. If the use of Premier's trailers is essential to the continued operations during the liquidation, then Premier should be treated as a critical vendor and paid in full.

34. This Motion should be expedited because the Defendant has no cash to continue operations, which would require payments to Premier, and the Defendant intends to retain an auctioneer to immediately liquidate its assets.

6

35. The Movant continues to suffer irreparable harm in that Premier will not receive any payment on its outstanding debt, and Premier is unable to rent the trailers out while they are in the Defendant's possession.

36. Accordingly, Premier respectfully requests that this Court grant leave from the Receivership Order to terminate the Agreements and repossess the trailers that remain in the Defendant's possession or control unless the Defendant remits payment for the full amount of the debt owed to Premier.

## **PRAYER FOR RELIEF**

WHEREFORE, Premier Trailers, LLC requests leave of Court from the Receivership Order to terminate the Agreements it has with Defendant and to take possession of its leased Trailers that remain in the possession or control of Defendant.

Respectfully submitted,

FROST BROWN TODD LLP

Dated: December 9, 2025         By: */s/ Jillian Nolan Snider*
Jillian Nolan Snider, Esq.
PA Bar No. 202253
Zachary B. McConnell, Esq.
PA Bar No. 323008
Frost Brown Todd LLP
501 Grant Street, Suite 800
Pittsburgh, PA 15219
T:  (412) 513-4300
E:  jsnider@fbtlaw.com
     zmcconnell@fbtlaw.com

*Counsel for Premier Trailers, LLC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| THE HUNTINGTON NATIONAL BANK, as Administrative Agent, Collateral Agent, Lender and Issuer,<br>　　　　Plaintiff,<br>　　v.<br>FOURTH STREET BARBECUE INC.<br>　　　　Defendant. | Civil Action No. 2:25-cv-01537-PLD |

## CERTIFICATE OF SERVICE

I certify that on December 9, 2025, a true and correct copy of the *Expedited Motion Of Premier Trailers, LLC For Leave To Terminate Lease Agreements And Repossess Collateral* was electronically filed and served via the Court's CM/ECF system on all parties of record receiving ECF notification.

　　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　FROST BROWN TODD LLP

Dated:  December 9, 2025　　　　　　　　By: */s/ Jillian Nolan Snider*
　　　　　　　　　　　　　　　　　　　　　Jillian Nolan Snider, Esq.
　　　　　　　　　　　　　　　　　　　　　PA Bar No. 202253
　　　　　　　　　　　　　　　　　　　　　Zachary B. McConnell, Esq.
　　　　　　　　　　　　　　　　　　　　　PA Bar No. 323008
　　　　　　　　　　　　　　　　　　　　　Frost Brown Todd LLP
　　　　　　　　　　　　　　　　　　　　　501 Grant Street, Suite 800
　　　　　　　　　　　　　　　　　　　　　Pittsburgh, PA 15219
　　　　　　　　　　　　　　　　　　　　　T:  (412) 513-4300
　　　　　　　　　　　　　　　　　　　　　E:  jsnider@fbtlaw.com
　　　　　　　　　　　　　　　　　　　　　　　　zmcconnell@fbtlaw.com

　　　　　　　　　　　　　　　　　　　　　*Counsel for Premier Trailers, LLC*