IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE HUNTINGTON NATIONAL BANK, as Administrative Agent, Collateral Agent, Lender and Issuer<br><br>Plaintiff,<br><br>v.<br><br>FOURTH STREET BARBECUE INC.<br><br>Defendant. | Civil Action No: 2:25-cv-01537-PLD |

**ORDER (I) APPROVING EMPLOYMENT OF AUCTIONEER AND
(II) SALE OF COMPANY ASSETS**

AND NOW, this 23rd day of December, 2025, upon consideration of the Receiver's Expedited Motion for an Order Approving (I) Employment of Auctioneer and (II) Sale of Company Assets (the "Motion"),[1] and the Court, having conducted a hearing on the Motion, being satisfied that: (i) the Court has subject matter jurisdiction over this action and personal jurisdiction over the Defendant, and venue properly lies in this district; (ii) the relief is necessary, appropriate, and in the best interest of the Receiver, the estate and its creditors; and (iii) good and sufficient cause appearing therefore; it is hereby ORDERED as follows:

1. The Motion is Granted on a final basis as set forth herein.

2. All objections to the Motion are overruled to the extent not resolved by this Order.

3. The Receiver is authorized, but not directed, to enter into the Auction Agreement attached as **Exhibit C** to the Motion.

---

[1] All capitalized terms not otherwise defined herein have the meaning given to them in the Motion.

4. In the event the Receiver enters into the Auction Agreement, the Proposed Sale is approved pursuant to the terms of the Auction Agreement and the Auctioneer and Receiver are authorized to proceed with the Liquidation and Auction.

5. For the avoidance of doubt, credit bidding is strictly prohibited in connection with the purchase of any Company Asset pursuant to the Liquidation and/or Auction, but any creditor may make a cash offer for Company Assets during the Liquidation and/or Auction without affecting any of its rights under this Order.

6. All Company Assets sold pursuant to the Proposed Sale shall be free and clear of all liens, claims, interests, and any other encumbrances, including PACA/PASA Claims, which liens, claims, interests, and any other encumbrances, if any, shall attach to the proceeds of the Proposed Sale in the same amount and priority as existed in the sold Company Asset(s).

7. Prior to the disposition of the Cheese Products, as defined in Bongards' Creameries' Limited Objection to Receiver's Expedited Motion for an Order Approving (I) Employment of Auctioneer; (II) Sale of Company Assets; and (III) Notice Procedures Related Thereto [ECF No. 74], the Cheese Products will be repackaged and/or Bongards' Creameries name and logo will be removed therefrom.

8. The Receiver is authorized to take any and all actions necessary to effectuate the relief granted herein.

9. The Receiver is authorized to pay Auctioneer its fees and expenses set forth in the Auction Agreement, which fees and expenses are hereby approved, and the Auctioneer shall not be required to file any application with the Court for the payment of such fees and expenses.

BY THE COURT:

/s/ Patricia L. Dodge
PATRICIA L. DODGE
UNITED STATES MAGISTRATE JUDGE