IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE HUNTINGTON NATIONAL BANK, as Administrative Agent, Collateral Agent, Lender and Issuer<br><br>Plaintiff,<br><br>v.<br><br>FOURTH STREET BARBECUE INC.<br><br>Defendant. | Civil Action No: 2:25-cv-01537<br><br>Magistrate Judge Patricia L. Dodge |

**ORDER (I) APPROVING GOING CONCERN SALE OF COMPANY ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS; AND (II) GRANTING RELATED RELIEF**

Upon consideration of the Motion of the Receiver for an Order (I) Scheduling an Expedited Hearing on Going Concern Sale of Company Assets; and (II) Approving Form of Sale Notice (the "Sale Motion")[1] [ECF No. 80], for the entry of an order: (i) approving the sale (the "Sale") of the Company Assets free and clear of liens, claims, and encumbrances on an expedited basis to Pennsylvania Food Corporation (the "Buyer") pursuant the terms provided in the Asset Purchase Agreement (the "APA") attached to the Sale Motion as **Exhibit C**; and (ii) granting related relief; and on December 30, 2025, the Court, having considered the Receiver's request for expedited consideration of Sale Motion, entered that certain Order Granting Motion of the Receiver for an Order (I) Scheduling an Expedited Hearing on Going Concern Sale of Company Assets; and (II) Approving Form of Sale Notice [ECF No. 81] (the "Sale Hearing Order"), which, among other

---

[1] Capitalized terms used but not defined in this Sale Order shall have the meanings ascribed to them in the Receivership Order, Sale Motion or APA (as defined in the Sale Motion), as applicable.

things, (a) scheduled the Sale Motion for hearing on January 9, 2026 at 1:30 p.m. (Prevailing Eastern Time) (the "Sale Hearing") and (b) established January 7, 2026 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for filing objections, if any, to the Proposed Sale; and the Court having jurisdiction to consider the Sale Motion and the relief requested therein under; and the appearance of all interested parties and all responses, reservations of rights, notices, and objections, if any, to the Sale Motion having been duly noted on the record of the Sale Hearing; and upon the record of the Sale Hearing, and all other pleadings and proceedings in this case; and it appearing that the relief requested in the Sale Motion is in the best interest of the Receivership estate, creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor, **the Court makes the following findings and conclusions:**

  A. The findings and conclusions set forth in this Order (this "Sale Order") constitute the Court's findings of fact and conclusions of law. To the extent any of the findings of fact herein constitute conclusions of law, they are adopted as such. To the extent any of the conclusions of law herein constitute findings of fact, they are adopted as such.

  B. The bases for the relief requested in the Sale Motion and the approvals and authorizations herein are the Receivership Order (as defined below) and 28 U.S.C. §§ 2001 and 2004.

  C. This Sale Order constitutes a final order within the meaning of applicable law. The Court finds that there is no reason for delay in the implementation of this Sale Order and directs entry of judgment as set forth herein.

  D. On October 3, 2025, Huntington National Bank, in its capacity as Administrative Agent and as a Lender (the "Plaintiff"), filed the Huntington National Bank's Complaint for

Breach of Credit Agreement [ECF No. 1] in this Court commencing the above-subject action (this "Action") against Fourth Street Barbecue Inc. (the "Company").

E. On October 20, 2025, the Court entered the Order Appointing Receiver [ECF No. 20] (the "Original Receivership Order") appointing the Receiver for the Company's corporate entity and for the Collateral for the purpose of managing, protecting, preserving, operating (if necessary) and selling the Company's business or some or all of the Company Assets (the "Receivership"). On November 3, 2025, the Original Receivership Order was modified [ECF No. 33] (the "Receivership Order") to provide additional protections to the Receivership Estate and clarification of the Receiver's duties and obligations.

F. On December 29, 2025, the Receiver filed the Sale Motion attaching the APA as an exhibit thereto.

G. The APA is approved in its entirety. The sale of the Purchased Assets to the Buyer, pursuant to the terms of the APA, is approved and the Receiver (including the Receiver on behalf of the Company) and the Buyer and their respective affiliates, officers, directors, employees and agents are hereby authorized and directed to take such actions as are necessary to consummate and implement the Sale as contemplated in the APA and this Sale Order.

**Notice**

H. As demonstrated at the Sale Hearing and as evidenced by the certificate of service filed with the Court [ECF Nos. 82], the Receiver has provided proper, timely, adequate, and sufficient notice of and sufficient opportunity to object to the Sale Motion and the relief granted in this Sale Order, and provided proper, timely and adequate notice of the Sale Hearing, to all interested persons and entities, including, without limitation, (i) all entities that claim any interest in or lien upon the Purchased Assets, (ii) all counter parties to contracts and leases, (iii) all

governmental taxing authorities that have, or as a result of the sale may have, Claims, contingent or otherwise, against the Company, (iv) all parties that filed requests for notices, and (v) all creditors (whether their claims are liquidated, contingent, or unmatured) of the Company. The deadline to object to the Sale and APA, the Sale Hearing, and all other associated deadlines, were reasonably calculated and provided a full and fair opportunity to object or be heard with respect to the Sale Motion and the relief requested therein.

      I. No other or further notice of the Sale Motion, the Sale Hearing, or the entry of this Sale Order is necessary or shall be required.

### Sound Business Purpose and Good Faith

      J. The Receiver has demonstrated a sufficient basis and the existence of reasonable and appropriate circumstances requiring it to enter into the APA, to sell the Purchased Assets and such action is an appropriate exercise of the Receiver's business judgment and in the best interests of the Receivership Estate, its creditors, and other parties in interest as a sale of the Purchased Assets will maximize the value of the Receivership Estate.

      K. The Receiver's determination, in consultation with the Plaintiff and Lenders, that the APA constitutes the highest and otherwise best offer is a valid and sound exercise of the Receiver's business judgment. The terms and conditions of the APA are fair and reasonable, and the transactions contemplated by the APA are in the best interests of the Receivership Estate, creditors, and all parties in interest. Taking into consideration all relevant factors and circumstances, no other entity has offered to purchase the Purchased Assets for greater economic value to the Receiver or the Receivership Estate. The Receiver has demonstrated sufficient basis to enter the APA and sell the Purchased Assets on the terms outlined therein. All such actions are appropriate, valid, reasonable, and sound exercises of the Receiver's business judgment consistent

with their fiduciary duties and in the best interests of the Receivership Estate, the Company, its creditors, its estate, and other parties in interest. Approval of the Sale Motion and the APA and the consummation of the Sale pursuant to the APA is in the best interests of the Receivership Estate, the Company, its creditors, and other parties in interest.

L. Neither the Buyer nor any of its affiliates, members, officers, directors, shareholders or any of its or their respective successors or assigns is an "insider" or "affiliate" of the Receiver or Company, and the Buyer's professionals, agents, and other representatives have acted in good faith in negotiating and entering into the APA.

M. The APA was negotiated, proposed, and entered into by the Buyer and the Receiver without collusion or fraud, in good faith, and from arm's-length bargaining positions. Neither the Receiver, nor the Buyer, nor any affiliate of the Buyer has engaged in any conduct that would cause or permit the APA or the proposed Sale to be avoided, or costs or damages to be imposed, under applicable law.

N. The Buyer is purchasing the Purchased Assets in good faith and is a good-faith purchaser under applicable law and, as such, is entitled to all of the protections afforded thereby and has proceeded in good faith in all respects in connection with this proceeding in that: (i) the Buyer and the Receiver are represented by separate counsel; (ii) the Buyer recognized that the Receiver was free to deal with any other party interested in purchasing the Purchased Assets; (iii) all payments the Buyer will make and other agreements or arrangements the Buyer entered into in connection with the Sale have been disclosed; and (iv) the negotiation and execution of the APA and any other agreements or instruments related thereto was in good faith, without insider influence or improper conduct by the Buyer, absent evidence of fraud, collusion, or bad faith on the part of the Buyer, nor evidence of the Buyer doing anything to control or otherwise influence

the marketing or sale process, including anything to control or otherwise influence the Purchase Price paid pursuant to the APA.

### No Successor Liability

O. By virtue of the consummation of the Sale or otherwise, (i) the Sale is not an express or implied assumption of any liability of the Company or the Receiver by the Buyer other than as expressly set forth in the APA; (ii) the Buyer is not a continuation of the Receiver or Company or its respective businesses, operations or any of their enterprises, there is no continuity between the Buyer and the Company or the Receiver, there is no common identity of ownership between the Buyer and the Company or the Receiver, there is no continuity of enterprise between the Buyer and the Company or Receiver, and Buyer does not have a common identity of incorporators, directors, or equity holders with the Company or Receiver; (iii) the Buyer is not holding itself out to the public as a continuation of the Receiver or the Company or its respective businesses, operations or any of their enterprises, including, but not limited to, as to any warranty or similar obligations; and (iv) the Sale does not amount to a consolidation, merger, or *de facto* consolidation or merger of the Buyer and the Receiver or the Company or its respective estate.

P. The Buyer is not, and shall not be considered, a successor to the Company, the Receiver, or the Receivership Estate. The Buyer shall have no successor liability whatsoever with respect to the Company, the Receiver, or the Receivership Estate, or their respective creditors, equity holders, and interested parties. The Buyer shall have no liability and shall not become liable for any liabilities, debts or obligations of the Company, the Receiver, or the Receivership Estate including by reason of, without limitation, any theory of law or equity, including, but not limited to, under any federal, state or local statute, regulation, administrative decision, or common law, or revenue, pension, ERISA, OSHA, tax, labor, employment, environmental, escheat or unclaimed

property laws, or other law, rule or regulation (including, without limitation, filing requirements under any such laws, rules, or regulations), or under any products liability law or doctrine, or under any product warranty liability law or doctrine. For the avoidance of doubt, the Buyer and its affiliates shall have no liability, debts or obligations resulting from the Sale, the APA, this Sale Order, or otherwise for the Company's, the Receiver's, or the Receivership Estate's liabilities, debts or obligations (and the Purchaser shall not be deemed, to be a "successor employer"), including, without limitation, under any of the following: the Workers Adjustment and Retraining Act, 929 U.S.C. §§ 210 et seq., the Internal Revenue Code of 1986, Title VII of the Civil Rights Act of 1964, as amended, the Federal Rehabilitation Act of 1973, the Age Discrimination and Employee Act, the Age Discrimination in Employment Act, the Worker Adjustment and Retraining Act of 1988, the Americans with Disability Act, the Family Medical Leave Act, the National Labor Relations Act, the Labor Management Relations Act, the Older Workers Benefit Protection Act, the Equal Pay Act, the Employee Retirement Income Security Act, the Multiemployer Pension Protection Act, the Pension Protection Act, the Occupational Safety and Health Act, the WARN Act, the Comprehensive Environmental Response Compensation and Liability Act, any other foreign, federal, state or local environmental, tax, labor, or employment law, any bulk sales or similar law, the Fair Labor Standards Act, state discrimination laws, State unemployment laws, any employment or labor agreement, any lease, deed of trust, mortgage, security agreement or interest, pension or medical plan, compensation or other employee benefit plan, any severance, retention or other bonus, any other employee, worker's compensation, unemployment, or disability plan or claim, or any warranty agreement or program, or any and all theories of successor liability including, without limitation, any theories on successor products liability grounds or otherwise.

Q. The Buyer is not implicitly assuming any liabilities of the Company or the Receiver by virtue of the Sale, the APA, or this Sale Order. Buyer is only assuming those liabilities of the Company and the Receiver expressly defined as "Assumed Liabilities" in the APA.

### No Fraudulent Transfer

R. The APA was not entered into by the Buyer and the Receiver for the purpose of hindering, delaying, or defrauding creditors (including under applicable federal or state fraudulent conveyance or fraudulent transfer laws), nor are they entering into or consummating the Sale contemplated by the APA fraudulently (including under applicable federal or state fraudulent conveyance or fraudulent transfer laws). The total consideration to be realized by the Receivership Estate under the APA constitutes full and adequate consideration, is fair and reasonable and constitutes reasonably equivalent value, fair consideration, and fair value for the Purchased Assets (including under applicable federal or state fraudulent conveyance or fraudulent transfer laws).

### Free and Clear Transfer

S. The Purchased Assets are property of the Receivership Estate and the Receiver has all right, title, and interest in the Purchased Assets required to transfer and convey such assets to the Buyer. The Receiver has full corporate power and authority to execute and deliver the APA, and all other documents contemplated thereby, and have all corporate authority necessary to consummate the transactions contemplated by the APA. No further consents or approvals are required for the Receiver to consummate the transactions contemplated by the APA.

T. Upon entry of this Sale Order, the Receiver may transfer all of its right, title, and interest to the Purchased Assets (including the Buyer's interest in the Retained Accounts Receivable as defined in the APA) free and clear of any and all liens, liabilities, claims, interests, encumbrances, pledges, security interests, charges, options, rights and restrictions of any kind or

nature whatsoever (collectively, the "Liens") as well as PACA/PASA Claims, which Liens and PACA/PASA Claims, if any, shall attach to the proceeds of the Sale in the same amount and priority as existed in the sold Company Asset(s). The Buyer would not have entered into the APA if the transfer of the Purchased Assets was not free and clear of all Liens as set forth in the APA and this Sale Order, or if in the future the Buyer would or could be liable for any such Liens.

U.  A sale of the Purchased Assets other than one free and clear of all Liens would yield substantially less value for the Purchased Assets than the Sale as contemplated. Therefore, the Sale approved herein free and clear of all Liens, except as specifically provided in this Sale Order or the APA, is in the best interests of the Receivership Estate and creditors, and all other parties-in-interest.

V.  The Liens, if any, shall attach to the consideration to be received by the Receiver in the same priority and subject to the same defenses and avoidability, if any, as before the closing of the transactions contemplated by the APA (the "Closing"). The transfer of the Purchased Assets to the Buyer will be a legal, valid, and effective transfer of the Purchased Assets and shall vest the Buyer with all right, title, and interest of the Receiver to the Purchased Assets free and clear of all Liens. Except as specifically provided in the APA, the Buyer shall not assume or become liable for any Liens relating to the Purchased Assets being sold by the Receiver.

W.  This Order shall be effective as a determination that, upon the Closing, the Buyer shall not be responsible for any Lien or claim of any kind or nature whatsoever existing as to the Company, the Receiver, or the Purchased Assets.

X.  All objections, reservations of rights, and other responses to the Sale Motion have been overruled or otherwise resolved.

**Time is of the Essence**

Y.  Time is of the essence in consummating the Sale. In order to maximize the value of the Purchased Assets, it is essential that the sale of the Purchased Assets occur within the time constrains set forth in the Sale Motion and APA, as applicable. The Receiver has demonstrated both compelling circumstances and a good, sufficient, and sound business purpose and justification for immediate approval and consummation of the APA. Accordingly, there is good cause to waive the stay contemplated by applicable law.

**Therefore, it is hereby ORDERED that:**

1.  The relief requested in the Sale Motion is **GRANTED** in its entirety. Any objections, reservations of rights, and/or other responses to the Sale Motion, the relief requested therein, or the sale contemplated by the APA that have not been withdrawn, waived, settled, preserved by order of this Court, or otherwise resolved, are hereby overruled on the merits, with prejudice. All persons and entities that failed to timely object or otherwise respond to the Sale Motion are deemed to have consented to the relief granted herein.

**Approval of the APA**

2.  The APA (including all schedules, annexes, and exhibits affixed thereto), all transactions contemplated therein, and all of the terms and conditions thereof are hereby approved, subject to the terms and conditions of this Sale Order. The APA is incorporated herein by reference as if set forth in full herein. The sale of the APA and the consideration provided by the Buyer under the APA are fair and reasonable and shall be deemed for all purposes to constitute a transfer for reasonably equivalent value and fair consideration under applicable law.

3.  Notice of the Sale Hearing was fair and equitable under the circumstances and complied in all respects with the Receivership Order and all applicable rules.

4.  The Receiver, as well as its affiliates, officers, employees, and agents, is authorized to execute and deliver, and empowered to perform under, consummate, and implement the APA, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the APA, and to take all further actions and execute such other documents as may be (a) necessary or appropriate to the performance of the obligations contemplated by the APA, including, without limitation, making any state or local regulatory filings necessary or advisable in connection with such transfer, and (b) as may be reasonably requested by the Buyer to implement the APA, in accordance with the terms thereof, without further order of the Court.

5.  The Buyer is a good faith purchaser and is entitled to all of the protections afforded thereby and otherwise has proceeded in good faith in all respects in connection with the Sale. Neither the Receiver, the Buyer nor any affiliate or representative, agent, or advisor of either the Receiver or Buyer have engaged in any collusion with other bidders or other parties or have taken any other action or inaction that would cause or permit the Sale to be avoided. The consideration provided by the Buyer for the Purchased Assets under the APA is fair and reasonable and is not less than the value of such assets.

6.  This Sale Order and the APA shall be binding in all respects upon, and shall inure to the benefit of, the Buyer, the Receivership Estate, the Company, its affiliates, all creditors (whether known or unknown) of the Company, all holders of interests in the Purchased Assets, and all interested parties, their successors and assigns.

**Transfer of Assets Free and Clear and Injunction**

7.     To the fullest extent permitted by law, effective as of the Closing, the sale of the Purchased Assets by the Receiver to the Buyer shall constitute a legal, valid, and effective transfer of the Purchased Assets notwithstanding any requirement for approval or consent by any person and shall vest the Buyer with all right, title, and interest of the Receiver and Company in and to the Purchased Assets, free and clear of all Liens of any kind.

8.     At Closing, the Receiver shall be, and hereby is, authorized, empowered, and directed to sell the Purchased Assets to the Buyer. The sale of the Purchased Assets (including the Buyer's interest in the Retained Accounts Receivable as defined in the APA) shall vest the Buyer with all right, title, and interest of the Receiver and Company to the Purchased Assets free and clear of any and all Liens with such Liens to attach only to the proceeds of the Sale with the same priority, validity, force, and effect, if any, as they now have in or against the Purchased Assets, subject to all claims and defenses the Receiver and/or the Company may possess with respect thereto. Following the Closing, no holder of any Lien shall interfere with the Buyer's use and enjoyment of the Purchased Assets based on or related to such Lien, or any actions that the Receiver may take in in this Action, and no person shall take any action to prevent, interfere with, or otherwise enjoin consummation of the Sale contemplated in or by the APA or this Sale Order. For the avoidance of doubt, nothing in this Sale Order or in the APA prohibits, prevents, or otherwise limits the rights of any holder of a PACA/PASA Claim from pursuing its rights and remedies as against third-parties (other than the Buyer, the Receiver, and/or the Company) or non-Purchased Assets or non-Company Assets, which such rights and remedies are expressly reserved.

9.     Upon Closing, all persons or entities holding Liens in, to, or against (a) the Company or (b) the Purchased Assets, shall be, and hereby are, forever barred and estopped from

asserting such Liens or enforcing any remedies or commencing or continuing in any manner any action or other proceeding of any kind or nature against the Buyer, its successors and assigns with respect to the Purchased Assets, or against such Purchased Assets or the Buyer after Closing, except as expressly provided in the APA. Upon Closing, all persons and entities are permanently and forever prohibited from asserting against the Buyer or the Purchased Assets any Lien arising under any theory of successor or transferee liability, *de facto* merger or continuity liability, whether known or unknown as of the Closing, now existing or hereafter arising, asserted or unasserted, fixed or contingent, liquidated or unliquidated.

10. The provisions of this Sale Order authorizing the sale of the Purchased Assets free and clear of Liens shall be self-executing, and neither the Receiver nor the Buyer shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate, and implement the provisions of this Sale Order. However, the Receiver and the Buyer, and each of their respective officers, employees, and agents, are hereby authorized and empowered to take all actions and execute and deliver any and all documents and instruments that either the Receiver or the Buyer deem necessary, desirable, or appropriate to implement and effectuate the terms of the APA and this Sale Order.

11. To the extent one or more third parties have possession or control of any of the Purchased Assets, such third parties are hereby directed to turnover and deliver such assets to the Buyer and any Liens such third party may have shall attach to the proceeds of the sale in accordance with this Sale Order.

12. Effective upon the Closing, all persons and entities are forever prohibited and permanently enjoined from commencing or continuing in any manner any action or other proceeding, whether in law or equity, in any judicial, administrative, arbitral, or other proceeding

against the Buyer or its affiliates, successors or assigns or their respective properties, or the Purchased Assets, with respect to any claims of successor liability including, without limitation, those based in whole or in part, directly or indirectly, on any theory of successor or vicarious liability, or any similar theories of any kind of character, or based upon any theory of antitrust, environmental, successor or transferee liability, *de facto* merger or substantial continuity, labor and employment, or products liability, whether known or unknown as of the Closing, legal or equitable, now existing or hereafter arising, asserted or unasserted, fixed or contingent, or liquidated or unliquidated, including, without limitation, the following actions: (a) commencing or continuing in any manner any action or other proceeding against the Buyer, or its affiliates, successors or assigns or their respective assets or properties; (b) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree, or order against the Buyer, or its affiliates, successors or assigns or their respective assets or properties; (c) creating, perfecting, or enforcing any Liens against the Buyer, or its affiliates, successors or assigns or their respective assets or properties; (d) asserting any setoff, right of subrogation, or recoupment of any kind against any obligation due to the Buyer, or its affiliates, successors or assigns or their respective assets or properties; (e) commencing or continuing any action, in any manner or place, that does not comply or is inconsistent with the provisions of this Sale Order or other orders of the Court, or the agreements or actions contemplated or taken in respect thereof; or (f) revoking, terminating, or failing or refusing to renew any license, permit, service, or authorization to operate any of the Purchased Assets or conduct any of the businesses operated with the Purchased Assets, in each case under the prior clauses (a) through (f), solely with respect to events or conditions occurring prior to the Closing Date, and excluding Assumed Liabilities.

13. Subject to the terms of the APA, the APA and any ancillary agreements and/or instruments may be waived, modified, amended, or supplemented by agreement of the Receiver, with the consent of the Buyer and in consultation with the Lenders, without further action or order of the Court; *provided, however,* that any such waiver, modification, amendment, or supplement is not materially adverse to the Receiver, the Company, or the Receivership Estate.

**Governmental Authorities**

14. As of the Closing, to the fullest extent permitted by law, the Buyer is authorized to operate under any insurance policy of the Company constituting Purchased Assets.

15. This Sale Order is and shall be binding upon and govern the acts of all persons and entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal and local officials and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease, and each of the foregoing persons and entities is hereby authorized and directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the APA.

16. Each and every federal, state, and local governmental agency or department is hereby authorized to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the APA. A copy of this Sale Order may be: (a) filed with the appropriate clerk; (b) recorded with the recorder; or (c) filed or recorded with any

other governmental agency to act to cancel and release any of the claims, Liens, and other encumbrances of record.

**Miscellaneous Provisions**

17. The proceeds of the Sale shall be held by the Receiver for distribution until further ordered by the Court.

18. No bulk sale law or any similar law of any state or jurisdiction shall apply in any way to the Sale contemplated by the APA.

19. Except as may be expressly provided herein, nothing in this Sale Order shall alter or amend the APA and the obligations of the Receiver and the Buyer thereunder.

20. Absent the express written consent of the Buyer, the Receiver shall not settle or otherwise resolve any causes of action with any third party or any governmental authority other than any settlement pursuant to which (a) no payment from the Buyer is sought or required and (b) no restrictions, obligations, or liabilities are placed on or affecting the Buyer or Purchased Assets.

21. The transactions authorized herein shall be of full force and effect, regardless of the Company's lack of good standing in any jurisdiction in which the Company is formed or authorized to transact business.

22. In the event of any inconsistency between this Sale Order and the APA, this Sale Order governs. The failure to include any particular provision of the APA or the related agreements in this Sale Order will not diminish the effectiveness of such provision, it being the intent of the Court that the APA be authorized and approved in its entirety.

23. The provisions of this Sale Order are non-severable and mutually dependent.

24.     This Sale Order shall become null and void if the Closing does not occur on the terms and conditions provided for in the APA or this Sale Order.

25.     Time is of the essence in closing the Sale and the Receiver and the Buyer intend to close the Sale as soon as practicable. This Sale Order shall be effective and enforceable immediately upon entry and the Receiver and the Buyer are authorized to consummate the Sale immediately upon entry.

26.     The Receiver may make and retain copies of the pre-Closing books and records of the Company and the Receiver related to the Company and/or the Receivership (collectively, the "<u>Books and Records</u>") for the purpose of administering the Receivership or otherwise in connection with the Receiver's obligations under the Receivership Order or other orders of this Court. Buyer shall preserve all Books and Records acquired by the Buyer for a period of three (3) years following Closing and will allow the Receiver access (including, without limitation, the right to make copies at the Receiver's expense) to such pre-Closing Books and Records at all reasonable times for the purpose of administering the Receivership or otherwise in connection with the Receiver's obligations under the Receivership Order or other orders of this Court.

27.     The Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the APA and to interpret, implement, and enforce the terms of this Sale Order.

<s>SO ORDERED</s> this 21st day of January, 2026.

PATRICIA L. DODGE
UNITED STATES MAGISTRATE JUDGE